IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN, PRO SE, TDCJ-CID No. 1541042, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:11-CV-0071 |
| STATE OF TEXAS; GREGG ABBOTT, Attorney General; and TDCJ, and all facilities detaining prisoners for the TDCJ, | § § § § § § | |
| Defendants. | § § | |

**ORDER TO CURE DEFICIENCIES BY AMENDED COMPLAINT
AND FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

**Order to Cure Deficiencies by Amended Complaint**

Plaintiff GORDON KIRK KEMPPAINEN, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed an initial document entitled Petition for Writ of Mandamus which the Court reviewed and determined to be an attempt to file a prisoner civil rights suit pursuant to Title 42, United States Code, Section 1983. A Notice of Deficiency Order issued requiring plaintiff to file a complaint on the form promulgated by the Court and to provide financial disclosure to support his request for pauper status. Plaintiff has been granted permission to proceed in forma pauperis.

Plaintiff claims his access to courts has been interfered with or denied at all the facilities he has been detained[1] because there was no library, no access, plaintiff was scheduled for classes

---

[1] Plaintiff lists the facilities at which he has been detained as follows: Aransas County Detention Center; TDCJ Garza West; Byrd Unit; Darrington Unit; Huntsville Unit; Mineral Wells (CCA); French Robertson Unit; Clements Unit; Rufe Jordan Unit; and Dalhart Unit.

he didn't enroll in, he was sleep deprived, there was a failure to schedule, or he was not allowed to go to the law library. Plaintiff alleges this interfered with "active, pending litigation and caus[ed] plaintiff damage through losing cases on direct appeal and original proceedings and not making available trained person to assist nor tools of the trade that plaintiff's adversary has access to making conditions contrary to the fundamental fairness doctrine in prisoner litigation and denying use of restroom while in the law library without losing sessions and extra time.

The relief plaintiff requests is to be allowed "to prosecute this action for the sake prisoners rights regarding access to courts & the fundamental fairness doctrine in prisoner litigation."

### First Amended Complaint is Deficient

By the Notice of Deficiency Order issued May 11, 2011 in this cause, plaintiff was instructed to identify each defendant, list each act or omission by the defendant on which he bases his claim for liability, state how he was harmed by each act or omission and state exactly what relief he wants.

Plaintiff has not complied with the instructions given him and has not provided factually specific allegations concerning the basis of his claim or the harm(s) he allegedly sustained. Further, plaintiff's request for relief does not contain a request for any actual relief.

Plaintiff's allegations are global and conclusory and fail to state a claim on which relief can be granted. Plaintiff has not presented any factual allegation of any sort to support his conclusory allegation of a violation of his fundamental right of access to courts.

Moreover, plaintiff has failed to provide sufficient allegations to support his generalized claim of harm. An inmate alleging denial of access to the courts must demonstrate an actual

injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). Plaintiff's conclusory allegations of injury are not sufficient to satisfy this element of his claim.

Additionally, plaintiff has sued defendants who are immune from suit or appear unconnected to his claim.

Plaintiff shall have fourteen days from the date of this Order in which to file a Second Amended Complaint, on a complaint form available in the law library, in compliance with Rule 8, Federal Rules of Civil Procedure, which cures the defects noted above. Plaintiff shall place the number "2:11-CV-0071" on the first page and the title, "Second Amended Complaint." Such Second Amended Complaint shall not incorporate, either by reference or attachment, plaintiff's original complaint or his first Amended Complaint. Plaintiff is cautioned that he should not make global and/or conclusory allegations. Further, plaintiff is reminded to allege what was done or not done, <u>who</u> performed the alleged act or omission, the date of the alleged act or omission, and exactly how it harmed him as a litigant in a specific case. Plaintiff must identify the case and the specific motion that was denied or other harm in that case he sustained as a litigant.

In the event plaintiff fails to file a second amended complaint which cures the deficiencies set forth above, then the following Findings, Conclusions, and Recommendation is made.

**Findings, Conclusions, and Recommendation**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual"

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).

The precise constitutional right involved in plaintiff's claim is the right of adequate, effective and meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); however, this right is not unlimited, but encompasses only a prisoner's reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction(s) or his conditions of confinement, *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997)(citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). Plaintiff's vague allegation of harm and his conclusory allegations of interference with his right of access to courts are not sufficient to state a claim.

Additionally, plaintiff has named as defendants, GREG ABBOTT, the STATE OF TEXAS, TDCJ, and all facilities detaining prisoners for the TDCJ. The Eleventh Amendment bars suit against a state or a state official unless the State has waived its immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). The State of Texas has not waived sovereign immunity with respect to claims under section 1983 and is not a "person" within the ambit of that law. *Id.* Moreover, the eligibility of the Texas Department of Criminal Justice for Eleventh Amendment immunity has long been settled law in this circuit. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see, Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989).

Plaintiff has named GREGG ABBOTT, Attorney General of the State of Texas; however plaintiff has alleged no connection between any act or omission of defendant ABBOTT and the claim(s) he attempts to assert. In addition, the principle of state-sovereign immunity generally

precludes actions against state officers in their official capacities, *see Edelman v. Jordan,* 415 U.S. 651, 663-69, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), subject to an established exception: the *Ex parte Young* doctrine. Under *Ex parte Young,* "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Nothing about plaintiff's requested relief leads the Court to conclude plaintiff's claim falls within the *Ex parte Young* exception or that defendant ABBOTT is the proper state official for any such relief.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff GORDON KIRK KEMPPAINEN be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

IT IS SO RECOMMENDED.

ENTERED THIS 26th DAY OF MAY 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).