IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN, PRO SE, <br> TDCJ-CID No. 1541042, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF TEXAS; <br> GREGG ABBOTT, Attorney General; and <br> TDCJ, and all facilities detaining <br>     prisoners for the TDCJ, <br><br> Defendants. | § § § § § § § § § § § § § § § | 2:11-CV-0071 |

**ORDER OF DISMISSAL**

Plaintiff GORDON KIRK KEMPPAINEN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

On May 26, 2011, an Order to Cure Deficiencies by Amended Complaint and Findings, Conclusions and Recommendation issued in the instant cause, informing plaintiff in detail of the deficiencies in his original complaint and ordering him to cure by filing an amended complaint or to file objections to the Findings, Conclusions and Recommendation.

Plaintiff filed his Objections on June 1, 2011.

By his Objections, plaintiff states he thought he could file a mandamus action and "the U.S. Attorney Generals Office would join this petition after 90 days and compel the State of Texas, through TDCJ, to comply with prisoners access to courts rights." Plaintiff has not

established his rights or those of any other prisoner have been violated and has not shown entitlement to relief. In addition to complaining he has no computer for research, no electronic storage, no paging systems for research, no personal work space, and doesn't get enough sleep or access to the law library, plaintiff now alleges the State of Texas obstructed his access to courts in the course of the criminal case for which he is currently serving a sentence. This attempt to show actual injury[1] is futile as it is not related to the alleged deficiencies plaintiff complains of in the Texas prison system. Further, any claim which would invalidate plaintiff's present conviction and incarceration appears to be barred by *Heck*[2].

Critically, plaintiff has utterly failed to amend to sue defendants who are not immune from suit or who are connected with his claims. The Court notes plaintiff's request that the Court "make appropriate amendments;" however, that is not within the purview of the Court. The defects in plaintiff's complaint have been explained to plaintiff, and plaintiff has been instructed the complaint will be dismissed until the defects are cured. Plaintiff is the master of his complaint and it is his burden to designate the defendant(s) he is suing and set forth his claims.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

---

[1] See, *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)(inmate alleging denial of access to the courts must demonstrate actual injury stemming from the defendants' unconstitutional conduct); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

[2] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

The Court is of the opinion that the Objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's Objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by plaintiff GORDON KIRK KEMPPAINEN is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk shall send a copy of this Order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the 3rd day of June, 2011.

MARY LOU ROBINSON
United States District Judge